# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

      Plaintiff,

vs.                                                                                     No. CR 09-166 JB

EUGENE CAMPBELL,

      Defendant.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on the Defendant's Appeal of Order of Detention, filed January 23, 2009 (Doc. 9). The Court held a hearing on January 29, 2009. The primary issue is whether the Court should vacate or amend the Detention Order entered against Defendant Eugene Campbell by the United States Magistrate Judge on January 13, 2009. For the reasons stated on the record, and because the United States has not established that Campbell is a danger to the community or a flight risk, the Court will vacate the Detention Order and order release on certain conditions.

## PROCEDURAL BACKGROUND

Campbell is charged in a criminal complaint filed January 12, 2009, with one count of bank robbery. The Honorable Richard L. Puglisi, Magistrate Judge, held a detention hearing on January 13, 2009 and ordered detention. See Doc. 8. Based on the fact that Campbell is a long-time resident of Jacksonville, Florida, with good ties to that community, until very recently extremely stable and long-term employment, minimal misdemeanor criminal history, and the lack of weapons or actual violence in this offense, Pretrial Services recommended release to the La Pasada Halfway House.

Judge Puglisi, based on the presumption, the weight of the evidence, and some history of drug and alcohol abuse, plus the information in the pretrial services report, some of which was mistaken information that Campbell's fiancé had three misdemeanor arrests but no convictions, denied release.  Campbell appeals his order of detention and moves the Court to vacate or amend the Detention Order.

## THE LAW REGARDING CONDITIONS OF RELEASE

Congress has set forth a number of factors that a court must consider in deciding whether appropriate conditions can be fashioned so that a criminal defendant can be released pending criminal proceedings.

> The judicial officer shall, in determining whether there are conditions of release that will reasonably assure the appearance of the person as required and the safety of any other person and the community, take into account the available information concerning--
>
> (1) the nature and circumstances of the offense charged, including whether the offense is a crime of violence, a violation of section 1591, a Federal crime of terrorism, or involves a minor victim or a controlled substance, firearm, explosive, or destructive device;
>
> (2) the weight of the evidence against the person;
>
> (3) the history and characteristics of the person, including--
>
> (A) the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and
>
> (B) whether, at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State, or local law; and
>
> (4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release. In considering the conditions of release described in subsection (c)(1)(B)(xi) or (c)(1)(B)(xii) of this section, the judicial officer may upon his own motion, or shall upon the motion of the Government,

conduct an inquiry into the source of the property to be designated for potential forfeiture or offered as collateral to secure a bond, and shall decline to accept the designation, or the use as collateral, of property that, because of its source, will not reasonably assure the appearance of the person as required.

18 U.S.C. § 3142(g).  If the defendant has been convicted of certain offenses, including crimes of violence, there is a rebuttable presumption that no condition or combination of conditions will reasonably assure the safety of any other person and the community.  See 18 U.S.C. § 3142(e). "Once the presumption is invoked, the burden of production shifts to the defendant. However, the burden of persuasion regarding risk-of-flight and danger to the community always remains with the government. The defendant's burden of production is not heavy, but some evidence must be produced."  United States v. Stricklin, 932 F.2d 1353, 1354-55 (10th Cir. 1991).

## ANALYSIS

After considering the various factors listed in 18 U.S.C. § 3142(g), the Court determines that detention is not necessary at this point.  In particular, the nature of the offense and Campbell's personal history and characteristics weigh heavily in favor of fashioning conditions for release. Accordingly,  the Court will permit Campbell's release to the La Pasada Halfway House under the conditions of release that Pretrial Services has recommended.  The Court believes that it can fashion conditions, or a combination of conditions, that adequately reduce the risk of flight and of danger to the community.  Accordingly, the Court will vacate Judge Puglisi's Detention Order and order Campbell released on conditions.

1. **The Nature of the Offense**.

The allegation is that Campbell robbed a bank without any violence or weapons.  He is also alleged to have surrendered to officers as they were above the culvert in which he had hidden.  The Complaint and preliminary-hearing testimony indicate that Campbell neither displayed a weapon

nor made any gestures suggesting a hidden weapon.  At the hearing on this appeal, the United States suggested that he had a pair of box cutters in his possession when he was apprehended, but the evidence was inconclusive.

The robbery note contained a threatening message.  The Court is concerned about the threatening message, and more generally about the nature of the crime.  At the same time, there was no violence in the incident.  Moreover, it appears to have been a one a one-time event.  There is no evidence of on-going criminal activity that would suggest that Campbell is a danger to the community.

2.      **Campbell's Personal History and Characteristics.**

There is not much in Campbell's past suggesting additional crimes.  Campbell's record does not predict violence toward the community.  The Court cannot reasonably predict any future criminal activity by Campbell based on this one incident and on his past life.

Until recently, Campbell lived a relatively stable life style, with steady employment and minimal misdemeanor criminal history.  Campbell has some history of substance abuse, but much of it seems to be from years past.  For the time being, he appears to be dealing effectively with any lingering substance-abuse problems he may have.  Campbell represents that he has been drug free for some time.

The Court is concerned about a prior contempt of court for failure to appear.  Campbell clarified at the hearing that he did not fail to appear, but rather failed to carry out an order to perform community service.  He thus appears to have no record of failure to appear in court.  He does not appear to have failed to appear in court when required to do so.

Campbell is a forty-six year old man who has been a longstanding and, for the most part, law-abiding member of his community for decades.  He worked as a waiter at the Timquana Country

-4-

Club, in Jacksonville, Florida for twenty-two years.  The fact that Campbell maintained the same employment for such a long period suggests that he is capable of achieving stability and of holding steady employment over a long period of time.  Such indicia of stability weigh in favor of conditional release.

Campbell's girlfriend, who is pregnant, represents an additional source of stability. Campbell has expressed a commitment to her and to their baby.  The Court believes Campbell is committed, and that he intends to take care of her and their new baby.

Based on Campbell's history and characteristics, the Court thus believes that appropriate conditions can be fashioned to facilitate allowing Campbell to be released.  The Court will vacate the Detention Order and order that Campbell be released to La Pasada Halfway house on the conditions that Probation suggests.

**IT IS ORDERED** that the Magistrate Judge's Detention Order is vacated and the Defendant is released on the conditions of release that Probation suggests.


_____
UNITED STATES DISTRICT JUDGE



*Counsel:*

Gregory J. Fouratt
  United States Attorney
Louis Valencia
Charles Barth
Rumaldo R. Armijo
  Assistant United States Attorney
Albuquerque, New Mexico

   *Attorneys for the Plaintiff*

Kari Converse
  Assistant Federal Public Defender
Albuquerque, New Mexico

  *Attorney for the Defendant*